IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                  :
                                        :
    JOSE J SALINAS SANTIAGO             :    CASE NO. 05-03555 (GAC)
    GLORIA M RUIZ RAMOS                 :    CHAPTER 13
         Debtors                        :
_____ :
                                        :
                                        :
    ANGEL L. LOPEZ ROMAN                :
    SYLVIA RIVERA DEL VALLE             :    CASE NO. 04-05730 (GAC)
         Debtors                        :    CHAPTER 13
_____ :

**ORDER**

Pending before this Court are various motions filed by debtors and the trustees, asserting that attorney Francisco Ortiz McWilliams ("attorney McWilliams") has violated in three different cases the rules of ethics that govern the attorney-client relationship, as prescribed in the American Bar Association Model Rules of Professional Conduct and that thus, he should be referred to the U.S. District Court for a disciplinary proceeding.

A. <u>Case 05-03555</u>

In the present case, on September 1, 2006, the trustee filed an urgent motion for debtors' counsel to show cause, asserting that the debtors were going to loose their house because they signed a blank plan dated March 30, 2006, that stated that the stay was lifted as to the debtor's residence and that they have not been able to contact the attorney (Docket #10). The Court ordered attorney McWilliams to show cause (Docket #11). Attorney McWilliams failed to answer the court order and the matter was referred to the

U.S. Trustees' Office to conduct an investigation (Docket #14). The U.S. Trustee filed a report and asserted that this has also happened in various cases in front of other judges, and concluded that attorney McWilliams failed to provide adequate representation to his clients (Docket #28). The Trustee filed another motion for sanctions and to refer counsel for a disciplinary proceeding, asserting that the debtors gave two (2) checks to attorney McWilliams for him to deliver to the trustee, and that trustee never received them (Docket #29). According to the bank records, one of the checks for the amount of $340.00 was endorsed by attorney McWilliams himself and the other for the amount of $340.00 was endorsed by his secretary Mrs. Flecha (Docket #29). On January 3, 2007, the Court entered another order for attorney McWilliams to show cause as to why the trustee's motion should not be granted, including sanctions for disobeying the order of the Court and referral to the U.S. District Court and the Disciplinary Board of Violation of the Rules of Professional Conduct (Docket #34). As of today, attorney McWilliams has failed to answer the orders to show cause.

B. <u>Case 04-05730</u>

In the present case, attorney McWilliams filed a motion requesting the unclaimed funds in the amount of $5,300.00 (Docket #40). The debtors filed a motion requesting an investigation regarding the unclaimed funds, asserting that they never endorsed or cashed the check (Docket #44). The Court entered an order for

2

attorney McWilliams to show cause as to why he should not be referred to the U.S. Attorney's Office for a disciplinary proceeding (Docket #46). The Clerk of the Court filed a motion regarding the investigation of the check and filed a copy of the cashed check, which appears to be endorsed by the debtors and by attorney McWilliams (Docket #49).

Local Rule 83.5(a) of the U.S. District Court for the District of Puerto Rico establishes that the Model Rules for Professional Conduct adopted by the American Bar Association govern the conduct of attorneys appearing before said court, as well as in the bankruptcy court. Attorney McWilliams' actions in this cases show that he has breached his ethical responsibilities towards debtors by breaching the following rules of the Model Rules of Professional Conduct: Rule 1.1, Competence, Rule 1.3, Diligence, Rule 1.4, Communication, and Rule 1.15, Safekeeping Property. The Trustee asserts that this has happened in other cases, which have been dismissed or are now closed. The Court will refer this matter to the U.S. District Court because the disciplinary jurisdiction to disbar and suspend attorneys has been retained by and lies exclusively in the U.S. District Court. See In re Sheridan, 362 F.3d 96 (1st Cir. 2004).

The Clerk shall certify copy to the U.S. District Court of the dockets of the three cases, the motions filed by the trustees and the motions filed by the debtors.

3

**ORDER**

IT IS ORDERED that attorney Francisco Ortiz McWilliams will be referred to the U.S. District Court for the District of Puerto Rico for a disciplinary proceeding for breach of the American Bar Association Model Rules of Professional Conduct. Because there appears to have been misapplication in some of these bankruptcy cases of client's or estate's funds. These matters are also referred to the US Attorney for the District of Puerto Rico for appropriate action. Furthermore, since Ortiz McWilliams has been indefinitely suspended from practice by order of the District Court dated August 24, 2007 (Misc. no. 07-081 (JAF)), the US Trustee shall investigate and report to the Court in twenty (20) days: a) If the individual debtors represented by this attorney have been able to obtain counsel in all the cases and b) what course of action is recommended in order to assure these parties that their rights are not affected by the actions of this attorney, including the referral of cases to the Puerto Rico Bankruptcy Bar Association (PRBBA) in order to obtain proper representation and/or pro-bono counsel.

A copy of this order will be notified by the Clerk to all the Bankruptcy Judges and to the President of the Puerto Rico Bankruptcy Bar Association.

SO ORDERED.

San Juan, Puerto Rico, this 10th day of December 2007.

/s Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI

Chief, U.S. Bankruptcy Judge

4